FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 22 2007 ★

BROOKLYN OFFICE

07 3496

WEXLER, J

LINDSAY, M.J.

**Outten & Golden LLP**
Adam T. Klein (AK 3293)
Jack A. Raisner (JR 6171)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

**Nichols Kaster & Anderson, PLLP**
Donald H. Nichols, MN Bar No. 78918
(*pro hac vice* pending)
Paul J. Lukas, MN Bar No. 22084X
(*pro hac vice* pending))
Timothy C. Selander, MN Bar No. 0387016
(*pro hac vice* pending))
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF NEW YORK

GINA YOUNG, JODI NASH,
ANNAMARIE PABIAN, SHAMIKA
SPENCER, ROGINA PITTMAN
WEAKLEY, FREDERICK OSBORNE,
JASON WEATHERMAN, CHARLES
BETTES, STEVEN ACKERMAN,
AND STEVEN FELDMAN
on behalf of themselves and classes of
those similarly situated,

              Plaintiffs,

    v.

Delta Financial Corporation, d/b/a Fidelity
Mortgage, Inc.,

          Defendant.

**CLASS ACTION AND COLLECTIVE
ACTION COMPLAINT**

**(Jury Trial Requested)**

---

       Plaintiffs Gina Young, Jodi Nash, Annamarie Pabian, Shamika Spencer, Rogina Pittman

Weakley, Frederick Osborne, Jason Weatherman, Charles Bettes, Steven Ackerman, and Steven

Feldman, ("Plaintiffs") on behalf of themselves and other similarly situated persons, by and

through their attorneys, for their Complaint against Defendant Delta Financial Corporation, d/b/a Fidelity Mortgage, Inc. ("Defendant"), state as follows:

## PRELIMINARY STATEMENT

1.      Plaintiffs Gina Young, Jodi Nash, Annamarie Pabian, Shamika Spencer, Rogina Pittman Weakley, Frederick Osborne, Jason Weatherman, Charles Bettes, Steven Ackerman, and Steven Feldman, ("Plaintiffs") bring claims for Defendant's failure to pay them overtime wages. These individuals worked for Defendant as mortgage analysts at its branch locations in New York, Missouri, Ohio, and Tennessee.  They customarily and regularly worked for Defendant in excess of forty (40) hours per week.  However, Defendant improperly classified them as exempt from the federal and state overtime laws and did not compensate them overtime wages for all time worked in excess of forty (40) hours per week.

2.      Plaintiffs bring these claims collectively under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and, where applicable, as Rule 23 class actions for violation of New York and Ohio state wage and hour laws.

3.      Defendant has knowingly and willfully engaged, and continues to engage, in a pattern, practice, and policy of unlawful conduct by failing to pay the Plaintiffs and similarly situated workers overtime compensation for all hours worked beyond forty (40) in a workweek, in violation of state and federal law.

4.      Currently pending in the United States District Court for the Western District of Pennsylvania is an FLSA case captioned Pontius, et al. v. Delta Financial Corporation, d/b/a Fidelity Mortgage, Inc., Civil Action No. 04-1737.  In that case, the District Court granted Plaintiffs' motion for summary judgment on Defendant's Section 7(i) "retail sales" exemption defense and denied the parties' cross motion on Defendant's "administrative" exemption

defense. The deadline to join that case was October 18, 2005. Since that time, Defendant has continued to unlawfully compensate its mortgage analysts as "exempt" employees, creating a large class of persons injured by its conduct within the statutory period that did not join and/or did not receive notice of, the Pontius lawsuit.

## THE PARTIES

5.     Plaintiff Gina Young is a resident of Ohio and was employed by Defendant as a mortgage analyst at its Broadview Heights, Ohio office from approximately November 2004 to August 30, 2006.

6.     Plaintiff Jodi Nash is a resident of Ohio and was employed by Defendant as a mortgage analyst at its Broadview Heights, Ohio office from approximately February 1, 2004 to May 1, 2006.

7.     Plaintiff Annamarie Pabian is a resident of Ohio and was employed by Defendant as a mortgage analyst at its Broadview Heights, Ohio office from approximately March 15, 2003 to November 1, 2003 and from March 1, 2004 to December 31, 2005.

8.     Plaintiff Shamika Spencer is a resident of Ohio and was employed by Defendant as a mortgage analyst at its Independence, Ohio office from approximately September 1, 2003 to October 1, 2005.

9.     Plaintiff Rogina Pittman Weakley is a resident of Ohio and was employed by Defendant as a mortgage analyst at its Broadview Heights, Ohio office from approximately September 1, 2004 to September 1, 2006.

10.     Plaintiff Frederick Osborne is a resident of Tennessee and was employed by Defendant as a mortgage analyst at its Brentwood, Tennessee office from approximately January 6, 2002 to June 1, 2006.

3

11.     Plaintiff Jason Weatherman is a resident of Missouri and was employed by Defendant as a mortgage analyst at its St. Louis, Missouri office from approximately December 1, 2004 to December 1, 2005.

12.     Plaintiff Charles Bettes is a resident of New York and was employed by Defendant as a mortgage analyst at its Woodbury, New York office from approximately August 1, 2004 to November 1, 2004.

13.     Plaintiff Steven Ackerman is a resident of New York and was employed by Defendant as a mortgage analyst at its Woodbury, New York office from approximately November 27, 2004 to April 15, 2006.

14.     Plaintiff Steven Feldman is a resident of New York and was employed by Defendant as a mortgage analyst at its Woodbury, New York office from approximately August 15, 2004 to March 1, 2006.

15.     Defendant is a corporation doing business in, and maintaining branch offices in, several states across the United States, including the State of New York.  Defendant is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), N.Y. Lab. Law, § 651(6) and Ohio Rev. Code § 4111.03(E)(2), and Plaintiffs were "employees" as defined by the FLSA, 29 U.S.C. § 203(e)(1), N.Y. Lab. Law § 651(5) and Ohio Rev. Code § 4111.03(E)(3).

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves a federal statute, 29 U.S.C. § 216(b).  The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law wage and hour claims because those claims derive from a common nucleus of operative fact.  This Court also has original jurisdiction over all claims in this action under the Class Action Fairness Act, 28 U.S.C. ¶

1332(d), in that this is a putative class action in which (1) there are 100 or more members of the Plaintiffs' proposed class; (2) at least some of the members of the proposed class have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000.00 in the aggregate.

17.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, because Defendant resides in this district and because a substantial part of the events giving rise to the claims occurred in this district.

18.     Defendant operates a branch office in the State of New York, including one in Nassau County (1000 Woodbury Road, Woodbury, NY 11797).  Events giving rise to claims presented in this Complaint took place in Woodbury, New York and other locations in other states.

## **FACTS COMMON TO ALL CLAIMS**

19.     During the statutory period, Plaintiffs worked as mortgage analysts in Defendant's branch offices located in Woodbury, New York, Broadview Heights and Independence, Ohio, Brentwood, Tennessee, and St. Louis, Missouri.  As mortgage analysts, Plaintiffs' primary duty was to sell mortgage loans.  Plaintiffs spent the vast majority of their work-time performing such duties.

20.     During the statutory period, Plaintiffs worked in excess of forty (40) hours per week without receiving overtime compensation in violation of the provisions of the FLSA, New York Labor Law, and the Ohio Minimum Fair Wage Standards Law.  As a result of these unlawful practices, Plaintiffs suffered a loss of wages.

21.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a), and New York and Ohio state law.

## NEW YORK CLASS ALLEGATIONS

22.    Plaintiff Steven Feldman, as class representative (the "New York Class Representative") brings the Second Claim for Relief on his own behalf and as a class action pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure.  The New York Rule 23 Class is defined as:

> All persons who are currently, or have been employed by Defendant as mortgage analysts in the State of New York at any time from six years prior to the filing of this Complaint to the entry of judgment in the case (the "New York Rule 23 Class" and "New York Class Period," respectively).

The New York Class Representative and the New York Class hereby incorporate the facts alleged in the preceding paragraphs as applicable to their class action allegations.

23.    The persons in the New York Rule 23 Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, upon information and belief, Defendant has employed at least one hundred (100) individuals as mortgage analysts at its New York branch offices during the applicable six year statute of limitations.

24.    The New York Class Representative and the New York Rule 23 Class have been equally affected by Defendant's failure to pay overtime wages.  Furthermore, members of the Rule 23 New York Class still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

25.    There are questions of law and fact common to this New York Rule 23 Class that predominate over any questions solely affecting individual members of the New York Rule 23 Class, including but not limited to:

> a)    Whether Defendant unlawfully failed to pay overtime compensation in violation of and within the meaning of New York Labor Law, New York

Labor Law Article 6, § 190 *et. seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142;

b) Whether the New York Class Representative and the New York Rule 23 Class are non-exempt from entitlement to overtime compensation for hours worked under the pay requirements of New York Labor Law;

c) Whether Defendant employed the New York Class Representative and the New York Rule 23 Class within the meaning of the New York Labor Law;

d) Whether Defendant failed to keep accurate time records for all hours worked by the New York Class Representative and the New York Rule 23 Class;

e) The proper measure of damages sustained by the New York Class Representative and the New York Rule 23 Class; and

f) Whether Defendant should be enjoined from such violations in the future.

26.     The New York Class Representative's claims are typical of those of the New York Rule 23 Class. The New York Class Representative, like other members of the New York Rule 23 Class, was subjected to Defendant's policy and practice of refusing to pay proper overtime compensation in violation of New York law. The New York Class Representative's job duties as a mortgage analyst were typical of the New York Rule 23 Class.

27.     The New York Class Representative will fairly and adequately protect the interests of the New York Rule 23 Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

28.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant.

29.     Class certification of the Second Claim for Relief is appropriate pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendant has acted or refused to act

on grounds generally applicable to the New York Rule 23 Class, thereby making appropriate declaratory and injunctive relief.  The New York Rule 23 Class is also entitled to injunctive relief to end Defendant's common and uniform practice of failing to compensate its employees for all work performed for the benefit of Defendant.

30.     Class certification of the Second Claim for Relief is also appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to the New York Rule 23 Class predominate over any questions affecting only individual members of the New York Rule 23 Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.   Defendant's common and uniform policies and practices denied the New York Rule 23 Class the overtime pay to which they are entitled.  The damages suffered by the individual New York Rule 23 Class are small compared to the expense and burden of individual prosecution of this litigation.

31.     The New York Class Representative intends to send notice to all members of the New York Rule 23 Class to the extent required by Rule 23.

### OHIO CLASS ALLEGATIONS

32.     Plaintiff Gina Young, as class representative (the "Ohio Class Representative") brings the Third and Fourth Claims for Relief on her own behalf and as a class action pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure.  The Ohio Rule 23 Class is defined as:

> All persons who are currently, or have been employed by Defendant as mortgage analysts in the State of Ohio at any time from two years prior to the filing of this Complaint to the entry of judgment in the case (the "Ohio Rule 23 Class" and "Ohio Class Period," respectively).

The Ohio Class Representative and the Ohio Rule 23 Class hereby incorporate the facts alleged in the preceding paragraphs as applicable to their class action allegations.

32.    The persons in the Ohio Rule 23 Class identified above are so numerous that joinder of all members is impracticable.   Although the precise number of such persons is unknown, upon information and belief, Defendant has employed at least one hundred (100) individuals as mortgage analysts at its Ohio branch offices during the applicable two year statute of limitations.

34.    The Ohio Class Representative and the Ohio Rule 23 Class have been equally affected by Defendant's failure to pay overtime wages.   Furthermore, those members of the Rule 23 Ohio Class still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

35.    There are questions of law and fact common to this Ohio Rule 23 Class that predominate over any questions solely affecting individual members of the Ohio Rule 23 Class, including but not limited to:

a)    Whether Defendant unlawfully failed to pay overtime compensation in violation of and within the meaning of Ohio Minimum Fair Wage Standards Law, § 4111 *et seq.*;

b)    Whether the Ohio Class Representative and the Ohio Rule 23 Class are non-exempt from entitlement to overtime compensation for hours worked under the pay requirements of Ohio Minimum Fair Wage Standards Law;

c)    Whether Defendant employed the Ohio Class Representative and the Ohio Rule 23 Class within the meaning of the Ohio Minimum Fair Wage Standards Law;

d)    Whether Defendant failed to keep accurate time records for all hours worked by the Ohio Class Representative and the Ohio Rule 23 Class;

e)    The proper measure of damages sustained by the Ohio Class Representative and the Ohio Rule 23 Class; and

f)    Whether Defendant should be enjoined from such violations in the future.

36.     The Ohio Class Representative's claims are typical of those of the Ohio Rule 23 Class.  The Ohio Class Representative, like other members of the Ohio Rule 23 Class, was subjected to Defendant's policy and practice of refusing to pay proper overtime compensation in violation of Ohio law.  The Ohio Class Representative's job duties as a mortgage analyst were typical of the Ohio Rule 23 Class.

37.     The Ohio Class Representative will fairly and adequately protect the interests of the Ohio Rule 23 Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

38.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant.

39.     Class certification of the Third and Fourth Claims for Relief is appropriate pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendant has acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, thereby making appropriate declaratory and injunctive relief.  The Ohio Rule 23 Class is also entitled to injunctive relief to end Defendant's common and uniform practice of failing to compensate its employees for all work performed for the benefit of Defendant.

40.     Class certification of the Third and Fourth Claims for Relief is also appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to the Ohio Rule 23 Class predominate over any questions affecting only individual members of the Ohio Rule 23 Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendant's common and

uniform policies and practices denied the Ohio Rule 23 Class the overtime pay to which they are entitled.   The damages suffered by the individual Ohio Rule 23 Class members are small compared to the expense and burden of individual prosecution of this litigation.

41.   The Ohio Class Representative intends to send notice to all members of the Ohio Rule 23 Class to the extent required by Rule 23.

### FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT, 29 U.S.C. 201 *ET. SEQ.*
### On Behalf of Plaintiffs and the Nationwide FLSA Collective

42.   Plaintiffs hereby re-allege and incorporate the foregoing paragraphs of this Complaint.

43.   This claim arises from Defendant's violation of the FLSA, 29 U.S.C. § 201, *et seq.*, for its failure to pay overtime wages to Plaintiffs at a rate of one and one half times their regular hourly rate of pay.

44.   During the course of their employment by Defendant, Plaintiffs were improperly classified by Defendant as exempt employees under the overtime wage provisions of the FLSA, 29 U.S.C. § 207.

45.   During the course of Plaintiffs' employment, Defendant directed them to work in excess of forty (40) hours per week and Plaintiffs customarily worked in excess of forty (40) hours per week.

46.   Pursuant to 29 U.S.C. § 207, Plaintiffs were entitled to compensation at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

47.   Defendant did not compensate Plaintiffs for their time worked in excess of forty (40) hours in individual work weeks.

48.     Furthermore, Defendant failed to record, report, and/or preserve records of hours worked by Plaintiffs in violation of the FLSA, 29 U.S.C. § 201 *et. seq.*

49.     Defendant's failure and refusal to pay Plaintiffs' overtime wages and its refusal to properly record their hours worked, violates the FLSA, 29 U.S.C. § 207.

50.     Plaintiffs have expressed their consent to make these claims against Defendant by filing written consent forms pursuant to 29 U.S.C. § 216(b).  (See Ex. A attached.)

51.     Plaintiffs are entitled to recover unpaid wages for up to three years prior to the initial filing of their claims because Defendant's failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA, as defined by 29 U.S.C. § 255.

**SECOND CLAIM FOR RELIEF**
**NEW YORK LABOR LAW**
**On Behalf of the New York Class Representative and the New York Rule 23 Class**

52.     The New York Class Representative and the New York Rule 23 Class hereby re-allege and incorporate the foregoing paragraphs of this Complaint.

53.     By the course of conduct set forth above, Defendant has violated N.Y. Lab. Law, § 650, *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 12 § 137-1.3.

54.     The New York Labor Law requires an employer, such as Defendant to pay overtime compensation to all non-exempt employees. N.Y. Lab. Law, §§ 651(5)(c), 655(5)(b); N.Y. Comp. Codes R. & Regs. tit. 12 § 137-1.3.

55.     Defendant has a policy and practice of refusing to pay overtime compensation to the New York Class Representative and the New York Rule 23 Class.

56.     As a result of Defendant's failure to pay wages earned and due, and its decision to withhold wages earned and due to the New York Class Representative and the New York Rule

23 Class, Defendant has violated and continues to violate the New York Labor Law, § 650, *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 12 § 137-1.3.

57.     The New York Class Representative, on his own behalf and on behalf of the New York Rule 23 Class, seeks the amount of the underpayments based on Defendant's failure to pay one and one half times the regular rate of pay for work preformed in excess of forty (40) hours per week, as provided by the New York Labor Law, § 663, *et seq.* and such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.  These individuals do not seek liquidated damages relating to their claims or on behalf of the New York Rule 23 Class.

58.     The New York Class Representative, on his own behalf and on behalf of the New York Rule 23 Class, seeks recovery of attorneys' fees and costs to be paid by Defendant as provided by the New York Labor Law.

## THIRD CLAIM FOR RELIEF
## OHIO LABOR LAW
### Ohio Rev. Code § 4111 *et seq.*
### On Behalf of the Ohio Class Representative and the Ohio Rule 23 Class

59.     The Ohio Class Representative and the Ohio Rule 23 Class allege and incorporate the foregoing paragraphs of this Complaint.

60.     The Ohio Minimum Fair Wage Standards Law requires an employer, such as Defendant, to pay overtime compensation to all non-exempt employees.  Ohio Rev. Code § 4111.03(A).

61.     Defendant has a policy and practice of refusing to pay overtime compensation to the Ohio Class Representative and the Ohio Rule 23 Class.

62.     As a result of Defendant's failure to pay wages earned and due, and its decision to withhold wages earned and due to the Ohio Class Representative and the Ohio Rule 23 Class,

Defendant has violated and continues to violate the Ohio Minimum Fair Wage Standards Law, Ohio Rev. Code § 4111 *et seq.*.

63.      The Ohio Class Representative, on her own behalf and on behalf of the Ohio Rule 23 Class, seeks the amount of the underpayments based on Defendant's failure to pay one and one half times the regular rate of pay for work preformed in excess of forty (40) hours per week, as provided by the Ohio Minimum Fair Wage Standards Law, Ohio Rev. Code § 4111.10(A) and any other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

64.      The Ohio Class Representative, on her own behalf and on behalf of the Ohio Rule 23 Class, seeks recovery of attorneys' fees and costs to be paid by Defendant as provided by the Ohio Minimum Fair Wage Standards Law, Ohio Rev. Code § 4111.10(B).

**FOURTH CLAIM FOR RELIEF**
**OHIO LABOR LAW**
**Ohio Rev. Code § 4113.15(B)**
**On Behalf of the Ohio Class Representative and the Ohio Rule 23 Class**

65.      The Ohio Class Representative and the Ohio Rule 23 Class allege and incorporate the foregoing paragraphs of this Complaint.

66.      Ohio Rev. Code § 4113.15(A) requires Defendant to pay its employees all wages due within the time specified by law.

67.      Defendant knowingly and improperly failed and refused to pay the Ohio Class Representative and the Ohio Rule 23 Class for all of their actual hours of work. As a result, Defendant failed to pay the Ohio Class Representative and the Ohio Rule 23 Class all of their wages within the time period set forth in Ohio Rev. Code § 4113.15(A).

68.      Defendant's knowing and improper failure to pay the Ohio Class Representative and the Ohio Rule 23 Class all of their wages constitutes a violation of Ohio Rev. Code §

4113.15(B) and Defendant is liable to the Ohio Class Representative and the Ohio Rule 23 Class for liquidated damages in an amount equal to six percent (6%) of said wages, or $200.00, whichever is greater

## **PRAYER FOR RELIEF**

69.     WHEREFORE, Plaintiffs on behalf of themselves and the nationwide FLSA collective, pray for judgment against Defendant as follows:

    A.     Judgment against Defendant for Plaintiffs' unpaid back wages at the applicable overtime rate;

    B.     An equal amount to the overtime wage damages as liquidated damages;

    C.     Judgment against Defendant that its violations of the FLSA were willful;

    D.     To the extent liquidated damages are not awarded, an award of prejudgment interest;

    E.     All costs and attorneys' fees incurred prosecuting these claims; and

    F.     For such further relief as the Court deems just and equitable.

70.     WHEREFORE, the New York Class Representative, on his own behalf and on behalf of the New York Rule 23 Class, prays for relief as follows:

    A.     Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the New York Rule 23 Class and appointment of the New York Class Representative and his counsel to represent the class;

    B.     Judgment against Defendant for an amount equal to the New York Class Representative's and the New York Rule 23 Class Members' unpaid back wages at the applicable overtime rate;

    C.     All costs and attorneys' fees incurred prosecuting these claims; and

    D.     For further relief as the Court deems just and equitable (the New York Class Representative does not seek liquidated damages on behalf of himself or the New York Rule 23 Class Members).

71.     WHEREFORE, the Ohio Class Representative, on her own behalf and on behalf

of the Ohio Rule 23 Class, prays for relief as follows:

A.     Certification of this action as a class action pursuant to Fed. R. Civ. P. 23
on behalf of the Ohio Rule 23 Class and appointment of the Ohio Class
Representative and her counsel to represent the class;

B.     Judgment against Defendant for an amount equal to the Ohio Class
Representative's and the Ohio Rule 23 Class Members' unpaid back
wages at the applicable overtime rate;

C.     Liquidated damages in an amount equal to six percent (6%) of the unpaid
overtime wages, or $200.00, whichever is greater;

D.     All costs and attorneys' fees incurred prosecuting these claims; and

E.     For further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, the New York

Class Representative, the New York Rule 23 Class, the Ohio Class Representative and the Ohio

Rule 23 Class demand a trial by jury.

Dated:  August 22, 2007                          **Outten & Golden LLP**

Jack A. Raisner (JR 6171)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  212-245-1000

and

**NICHOLS KASTER & ANDERSON, PLLP**
Donald H. Nichols, MN No.78918
(*pro hac vice* pending)
Paul J. Lukas, MN No. 22084X
(*pro hac vice* pending)
Tim C. Selander, MN No. 0387016
(*pro hac vice* pending)

4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone (612) 256-3200

ATTORNEYS FOR PLAINTIFFS AND THE
COLLECTIVE AND PUTATIVE CLASSES

# Exhibit A

## FIDELITY MORTGAGE, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Fidelity Mortgage, Inc. as a Plaintiff to assert claims against it for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

_Gina M Young_ _6/18/07_
Signature                              Date

_Gina M. Young_
Print Name

_Seville, OH 44273_
City, State, Zip Code

# FIDELITY MORTGAGE, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Fidelity Mortgage, Inc. as a Plaintiff to assert claims against it for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

_____  6/20/07
Signature                        Date

JODI L. NASH
Print Name


BATH, OHIO 44210
City, State, Zip Code

# FIDELITY MORTGAGE, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Fidelity Mortgage, Inc. as a Plaintiff to assert claims against it for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

_____ 6/19/07
Signature                          Date

ANNAMARIE FABIAN
Print Name


Amherst, OH 44001
City, State, Zip Code

## FIDELITY MORTGAGE, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Fidelity Mortgage, Inc. as a Plaintiff to assert claims against it for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

_____ 7/26/07
Signature                        Date

Shamika Spencer
Print Name


Twinsburg, OH 44087
City, State, Zip Code

# FIDELITY MORTGAGE, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Fidelity Mortgage, Inc. as a Plaintiff to assert claims against it for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

_____   7-27-07
Signature                                     Date

_Rogina Pittman Weakley_
Print Name

_Cleveland Ohio 44113_
City, State, Zip Code

## FIDELITY MORTGAGE, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Fidelity Mortgage, Inc. as a Plaintiff to assert claims against it for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

_Frederick E. Osborne_ 6/22/07
Signature                          Date

_Frederick E. Osborne_
Print Name

_Nashville, TN 37211_
City, State, Zip Code

# FIDELITY MORTGAGE, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Fidelity Mortgage, Inc. as a Plaintiff to assert claims against it for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

_____     7.30.07
Signature                                          Date

_____
Jason Weatherman
Print Name


_____
Lee's Summit, Mo 64063
City, State, Zip Code

# FIDELITY MORTGAGE, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Fidelity Mortgage, Inc. as a Plaintiff to assert claims against it for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

_____  7/6/07
Signature                Date

CHARLES R. BETTES
Print Name

Oceanside  NY  11572
City, State, Zip Code

# FIDELITY MORTGAGE, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Fidelity Mortgage, Inc. as a Plaintiff to assert claims against it for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

_____    6/25/07
Signature                                              Date

Steven Ackerman
Print Name


Syosset  NY.  11791
City, State, Zip Code

# FIDELITY MORTGAGE, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Fidelity Mortgage, Inc. as a Plaintiff to assert claims against it for violations of the Fair Labor Standards Act. 29 U.S.C. § 201 et seq.

_Steven Feldman_    6/26/07
Signature            Date

STEVEN FELDMAN
Print Name

WOODBURY, NY 11797
City, State, Zip Code