

LITTLER MENDELSON®
A PROFESSIONAL CORPORATION

ALABAMA
ARIZONA
ARKANSAS
CALIFORNIA
COLORADO
CONNECTICUT
DISTRICT OF COLUMBIA
FLORIDA
GEORGIA
ILLINOIS
INDIANA
MASSACHUSETTS
MINNESOTA
MISSOURI
NEVADA
NEW JERSEY
NEW YORK
NORTH CAROLINA
OHIO
OREGON
PENNSYLVANIA
RHODE ISLAND
SOUTH CAROLINA
TEXAS
VIRGINIA
WASHINGTON

October 18, 2007

Alan I. Model
Direct: 973.848.4740
Direct Fax: 973.755.0439
amodel@littler.com

**VIA CM/ECF AND COURTESY COPY VIA U.S. MAIL**

The Honorable Judge Leonard D. Wexler
Long Island Federal Courthouse
944 Federal Plaza
Central Islip, NY 11722

*Re:* *Young, et al. v. Delta Financial Corp. d/b/a Fidelity Mortgage, Inc.*
*Civil Action No. 2:07-cv-03496 (LDW) (ARL)*

Dear Judge Wexler:

We represent Fidelity Mortgage, a division of Delta Funding Corporation ("Fidelity"), incorrectly named in the above-captioned matter as Defendant Delta Financial Corp. d/b/a Fidelity Mortgage, Inc. We write in response to Plaintiffs' letter of October 11, 2007. In their letter, Plaintiffs request a pre-motion conference and/or briefing schedule for Plaintiffs' anticipated motion for conditional certification as an FLSA collective action pursuant to 29 U.S.C. § 216(b). Fidelity respectfully submits that Plaintiffs' request is premature.

First, Fidelity is not required to answer or otherwise respond to the complaint until October 29, 2007. *See* enclosed Waiver of Service of Summons. Fidelity requests that the pre-motion conference not take place until after Fidelity has an opportunity to respond to the Complaint.

Second, Plaintiffs have not attempted to confer or reach agreement with Fidelity with respect to the relief they will seek in their proposed motion. A briefing schedule should not issue until after the parties have been given an opportunity to confer.

Finally, Fidelity objects to Plaintiffs' counsel's attempt to argue the merits of this action (and that of a separate pending action in the United States District Court for the Western District of Pennsylvania) in his letter. Ordinarily, we would not respond to such argument. In this case, however, Plaintiffs' counsel's letter omits certain material facts and therefore might mislead this Court. For example, while Plaintiffs' counsel notes that the court in *Pontius v. Delta Financial Corp.* conditionally certified that case, he failed to acknowledge that he recently proposed to that court that the *Pontius* case be decertified. Likewise, while Plaintiffs' counsel notes that the plaintiffs in *Pontius* prevailed at the district court on their motion for summary judgment on the "retail sales" exemption defense, he failed to acknowledge that the *Pontius* court denied the parties' cross-motions on the "administrative"

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM ℠
One Newark Center, 8th Floor, Newark, New Jersey 07102  Tel: 973.848.4700 Fax: 973.643.5626 www.littler.com

The Honorable Judge Leonard D. Wexler
October 18, 2007
Page 2

exemption defense. In addition, Plaintiffs' counsel's complaint that Defendant did not "timely respond" to requests to add the named Plaintiffs in this action to the *Pontius* case is simply not true. In fact, Defendant agreed to allow the named Plaintiffs in this action to join *Pontius*, but Plaintiffs' counsel rejected that invitation. (Indeed, while Plaintiffs' counsel notes that the deadline to join *Pontius* has passed, he fails to acknowledge that a number of other individuals joined *Pontius* after the deadline at Plaintiffs' counsel's request). Fidelity adamantly denies that its compensation policy violates the FLSA.

Once Fidelity has an opportunity to respond to the complaint, and if the parties are unable to reach agreement with respect to the relief Plaintiffs will seek in their proposed motion, then Fidelity will not oppose a renewed request by Plaintiffs for a pre-motion conference to discuss any unresolved issues relating to the proposed motion. Further discussion on the merits of Plaintiffs' claims and the possibility of allowing Plaintiffs to voluntarily dismiss this action and to join the ongoing *Pontius* action can be addressed at that time at the discretion of the Court.

Very truly yours,

Alan I. Model

Enclosure

cc: Timothy C. Selander, Esquire (with enclosure) (via ecf notice)

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: <u>Nichols Kaster and Anderson, PLLP</u>
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, <u>Delta Financial Corporation, d/b/a Fidelity Mortgage</u>, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of <u>Young, et al. v. Delta Financial Corporation</u>
(CAPTION ACTION)

which is case number <u>2:07-cv-03496-LDW-ARL</u> in the United States District Court
(DOCKET NUMBER)

for the District of <u>Eastern District of New York</u>

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after <u>08/29/07</u>
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

<u>8.30.07</u>         <u>(signature)</u>
(DATE)                                (SIGNATURE)

Printed/Typed Name: <u>Andrew Voss</u>

As <u>Counsel</u> of <u>Delta Financial Corp</u>
(TITLE)                          (CORPORATE DEFENDANT)

### Duty to Avoid unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

This form was electronically produced by Judy Deanda using Omniform.